**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000692
08-OCT-2018
07:46 AM**

NO. CAAP-16-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SHUAN E. FLEETWOOD, also known as SHAUN FLEETWOOD,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1668)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Shuan E. Fleetwood, also known as
Shaun Fleetwood (**Fleetwood**), appeals from the "Order of
Resentencing, Revocation of Probation" (**Order of Resentencing**),
filed on September 19, 2016 in the Circuit Court of the First
Circuit (**Circuit Court**).[1]

On appeal, Fleetwood contends that the Circuit Court:
(1) wrongly concluded that he inexcusably failed to comply with a
substantial requirement imposed as a condition of his probation
because the evidence showed that his violations occurred as a
result of his reasonable understanding of what his probation
officer had permitted him to do; and (2) abused its discretion in

---

[1] The Honorable William M. Domingo presided regarding the Order of
Resentencing and the related hearing on September 16, 2016.

resentencing Fleetwood to the indeterminate term of imprisonment of ten years rather than a second chance at probation.

Upon careful review of the record and the briefs submitted and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Fleetwood's points of error as follows, and affirm.

On October 13, 2010, Plaintiff-Appellee State of Hawai'i (**State**) charged Fleetwood via Grand Jury Indictment in Criminal No. 10-1-1668 with two counts of Sexual Assault in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(c) (2014). On January 18, 2011, Fleetwood entered guilty pleas on both counts to the lesser offense of Sexual Assault in the Second Degree in violation of HRS § 707-731(1)(a) (2014) pursuant to a plea agreement with the State. On April 15, 2011, the Circuit Court[2] entered a Judgment of Conviction and Probation Sentence (**Judgment**), which sentenced Fleetwood to a five-year term of probation under the Hawai'i's Opportunity Probation with Enforcement (**HOPE**) Program on each count to run concurrently. The Circuit Court also ordered specified terms and conditions of probation, including that Fleetwood serve a one-year term of incarceration, with credit for time served. The record contains a "Terms and Conditions of Probation" form which appears to be signed by Fleetwood and dated July 26, 2011 (**7/26/11 Terms and Conditions Form**), acknowledging both Fleetwood's receipt of the terms and conditions of probation and that the terms and conditions of probation had been explained to him.

On November 8, 2011, Adult Client Services Branch Senior Probation Officer Ty Tamasaka (**Probation Officer Tamasaka**) filed a Motion for Revocation of Probation[3] (**Motion for**

---

[2] The Honorable Karen S.S. Ahn presided regarding the Judgment.

[3] The Motion for Revocation filed November 8, 2011, in the Circuit Court is labeled as both a "Motion for Modification of the Terms and Conditions of
(continued...)

2

**Revocation**), alleging that Fleetwood violated his terms and conditions of probation by: (1) failing to report to his probation officer as ordered on November 7, 2011; (2) failing to obtain and maintain mental health treatment or services; (3) failing to abide by curfew, travel, or leisure time restrictions imposed by his probation officer; and (4) failing to obtain and maintain a residence as approved by his probation officer. The Circuit Court issued a bench warrant for Fleetwood's arrest the same day.

On March 11, 2016, the bench warrant was executed on Fleetwood in Dermott, Arkansas. Fleetwood had been incarcerated in Arkansas on a prior offense, and was extradited back to Hawai'i in March 2016.

Following a number of other proceedings before the Circuit Court, the State's Motion for Revocation of Probation came on for hearing before the Circuit Court on September 16, 2016. At the revocation hearing, Fleetwood argued that his violations of the terms and conditions of probation were due to his belief that Probation Officer Tamasaka had given him permission to leave Hawai'i to visit his father in Louisiana, who had been in failing health. Fleetwood also argued that his absence from Hawai'i was involuntary, and thus excusable, because when he went to a police station in Louisiana to report as a sex offender, he was arrested on an outstanding warrant in Arkansas and subsequently sentenced to a four-year term of incarceration in Arkansas, making it impossible to return to Hawai'i.[4]

Upon consideration of the evidence and testimony presented by both parties at the Revocation Hearing, the Circuit Court concluded that Fleetwood had inexcusably violated a

---

[3](...continued)
Probation, Deferred Acceptance of Guilty Plea, Or Deferred Acceptance of No Contest Plea" and as a "Motion for Revocation of Probation". For purposes of the instant appeal, we refer to the motion as the "Motion for Revocation".

[4] In January 2013, Fleetwood had been convicted of Sexual Assault in the Fourth Degree in the Circuit Court of Chicot County, Arkansas, of the Tenth Judicial District (**Arkansas Circuit Court**).

substantial term and condition of his probation, and revoked his probation.  The Circuit Court proceeded to resentence Fleetwood to an indeterminate term of imprisonment of ten years for each count, to run concurrently.  This appeal follows.

The Circuit Court's authority to revoke a criminal defendant's probation is governed by HRS § 706-625 (2014).[5]  Under HRS § 706-625(3), "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order[.]" HRS § 706-625(3).  As set forth in State v. Villiarimo, a probationer's failure to comply is "inexcusable" as contemplated under HRS § 706-625(3), when it is "a willful and deliberate attempt to circumvent the order of the court."  132 Hawaiʻi 209, 222, 320 P.3d 874, 887 (2014) (ellipsis omitted).  "This standard requires both an intentional act on the part of the defendant ('willful'), and a deliberate attempt by him or her to circumvent the probation order, taking into consideration the significance of the defendant's action with respect to the court's order and

---

[5] HRS § 706-625 provides in pertinent part:

> §706-625 Revocation, modification of probation conditions.  (1) The court, on application of a probation officer, the prosecuting attorney, the defendant, or in its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627
>
> . . .
>
> (3) The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony.  The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
>
> . . .
>
> (5) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.

goals of probation ('to circumvent the order of the court')." Id. Here, the Circuit Court concluded that Fleetwood's failure to comply with the terms of his probation was inexcusable as contemplated under HRS § 706-625(3).

The decision that a probationer's failure was inexcusable is a conclusion of law that is reviewed de novo under the right/wrong standard. State v. Reyes, 93 Hawai'i 321, 327, 2 P.3d 725, 731 (Haw. App. 2000). Accordingly, a trial court's determination that a probationer inexcusably failed to comply with a substantial requirement of probation will not be overturned, so long as it is supported by the trial court's findings of fact, and reflects an application of the correct rule of law. Id.

Here, Fleetwood does not challenge the Circuit Court's finding of fact that he had failed to comply with a substantial requirement imposed as a condition of probation by leaving the jurisdiction. Instead, Fleetwood argues that the Circuit Court erred in determining that his failure was inexcusable. In support of his argument, Fleetwood enumerates eight "mitigating circumstances"[6] that he asserts compels this court to vacate the Circuit Court's conclusion that his absence from Hawai'i was inexcusable.

---

[6] In Fleetwood's Opening Brief, he asserts the evidence at the Revocation hearing showed: (1) he testified that after obtaining permission from Probation Officer Tamasaka to visit his father, Fleetwood remained unaware of any required protocols (e.g., provide a copy of round-trip airline ticket, etc.), and he had provided Probation Officer Tamasaka the name, address, and phone number of an uncle in Arkansas with whom he would stay, who would help him get to Louisiana to see his father and through whom Probation Officer Tamasaka could contact him; (2) Fleetwood did not leave Hawai'i to avoid HOPE supervision, but rather to see his dying father; (3) Fleetwood followed Probation Officer Tamasaka's advice by going to a police station in Pierre County, Louisiana and tried to register as a sex offender (which is how he was arrested on outstanding warrants); (4) Fleetwood intended, but was unable, to return to Hawai'i due to his arrest and sentence in the Arkansas case; (5) the Arkansas offense occurred in 2009, prior to the incident in Fleetwood's Hawai'i case and placement on HOPE probation; (6) Fleetwood's inability to return to Hawai'i was due to the Arkansas authorities' refusal to relinquish control over him until he finished his sentence; (7) Fleetwood had just completed four years of prison in Arkansas which, as the circuit court observed, could not be credited to his ten-year Hawai'i terms; (8) the purpose and design of HOPE probation is to give defendants corrective action and second chances as they learn how to better handle their missteps on probation.

In its ruling, the Circuit Court considered the evidence and argument presented by both the State and Fleetwood at the revocation hearing, including the mitigating circumstances that Fleetwood alleges on appeal, and found that Fleetwood's failure to remain in the Circuit Court's jurisdiction was inexcusable.  At the revocation hearing, Probation Officer Tamasaka testified that he had reviewed the terms and conditions of probation with Fleetwood and that Fleetwood's signature was at the bottom of the 7/26/11 Terms and Conditions Form.  Fleetwood testified to the contrary, that Probation Officer Tamasaka did not go over all the terms and conditions of probation with him and that the signature at the bottom of the 7/26/11 Terms and Conditions Form was not his.  However, Fleetwood admitted that his signature did appear on a Waiver of Extradition form, which was also admitted into evidence.  It is apparent from the record that the Circuit Court did not believe Fleetwood's claim that he was not advised of the terms and conditions of probation, or his claim that he did not sign the 7/26/11 Terms and Conditions Form.

Moreover, contrary to Fleetwood's testimony, Probation Officer Tamasaka testified that he did not give Fleetwood permission to leave Hawai'i to go to Arkansas.  Such testimony led the Circuit Court to find that "there was a substantial term regarding being in the State of Hawai'i and not . . . leaving without permission.  And therefore the reason for [Fleetwood's] noncompliance, even based on his testimony, was unreasonable." The Circuit Court also specifically noted that Fleetwood's actions were intentional as evidenced by the fact that he had previously spoken to Probation Officer Tamasaka about his desire to transfer to Arkansas before he left Hawai'i.

Based on the record, the Circuit Court had a sufficient basis to find that Fleetwood committed an intentional act of leaving the jurisdiction which was a deliberate attempt by him to circumvent a substantial requirement in the probation order.  The record supports the Circuit Court's conclusion that Fleetwood's failure to comply with a substantial term or condition of his

probation was inexcusable, and thus warranted revocation of his probation.

We likewise conclude that the Circuit Court did not abuse its discretion in resentencing Fleetwood to the indeterminate ten-year term of incarceration on each count, to run concurrently, rather than resentence him again to probation. As articulated by the Supreme Court of Hawai'i in State v. Mundon,

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

121 Hawai'i 339, 349, 219 P.3d 1126, 1136 (2009) (citation omitted). We conclude that no such plain and manifest abuse of discretion was committed by the Circuit Court in its Order of Resentencing.

HRS § 706-625(5) provides "[w]hen the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted." HRS § 706-625(5). As such, the Circuit Court had discretion to sentence Fleetwood to the indeterminate term of ten years of incarceration as his sentence is in accordance to his convictions for two counts of Sexual Assault in the Second Degree, a class B felony. See HRS § 707-731(2); HRS § 706-660 (2014).

In the instant case, the Circuit Court considered the State and Fleetwood's arguments on resentencing and concluded that Fleetwood was no longer a viable candidate for probation. The Circuit Court cited to a variety of factors in determining its sentence, including Fleetwood's prior criminal record, his denial of wrongdoing related to his probation violations, that he

denied knowing the terms and conditions of his probation, and his assertion that his probation officer had told him he could leave Hawai'i. Given the record in this case, the Circuit Court did not abuse its discretion in resentencing Fleetwood to the indeterminate term of ten years of incarceration in its Order of Resentencing.

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's "Order of Resentencing, Revocation of Probation", filed September 19, 2016, is affirmed.

DATED: Honolulu, Hawai'i, October 8, 2018.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge